GONZÁLEZ, PLAINTIFF AND RESPONDENT, v. CABRERO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action
for Performance of Contract.

No. 1184.—Decided April 16, 1915.

PARTNERSHIP—CIVIL PARTNERSHIP—COMMERCIAL PARTNERSHIP.—Both in civil and
commercial partnerships each partner is required to contribute to the partner-
ship, or to its capital, the amount agreed upon.

ID.—ACTION BY PARTNER—CAPACITY OF PLAINTIFF—SUFFICIENCY OF COMPLAINT.—
Even when in an action to compel a special partner to contribute the amount
of capital agreed upon the plaintiff does not appear in the name of the indus-
trial and agricultural partnership of which he is the managing partner, if
the allegation of the complaint is that he is the managing partner and the
prayer of the complaint is that the defendant be adjudged to pay the said
contribution in order to start the business of the firm, the action brought
by the plaintiff is in the interest of the firm and not in his own private
interest.

APPEAL.—Questions which have not been raised in the lower court cannot be
considered on appeal.

ID.—ERROR.—It is a well-established rule that courts of appeal will examine
only the errors pointed out by the appellant and that the errors alleged
by the respondent to have been committed by the lower court will not be
taken into consideration.

ID.—STATEMENT OF CASE—JUDGMENT ROLL—SUPERFLUOUS MATTER.—The com-
plaint and answer need not be transcribed literally in the statement of the
case, pursuant to section 299 of the Code of Civil Procedure, as amended by
Act No. 70 of March 9, 1911, for they form part of the judgment roll and
before approving the statement the judge should strike out all superfluous
matter and see that the act is strictly complied with.

ID.—TRANSCRIPT OF RECORD—JUDGMENT ROLL—SUMMARY OF CASE.—Although the
summary of the case which the judge is required to make in accordance with
section 227 of the Code of Civil Procedure, as amended in 1911, does not
necessarily form a part of the judgment roll, it is good practice to include
it in the transcript of the record for the better guidance of the court.

The facts are stated in the opinion.

Mr. *Carlos Franco Soto* for the appellant.

Mr. *Luis Mercader* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By a public instrument executed before Notary Juan B.
Soto in the town of San Sebastián on December 8, 1913, Leo-
poldo González, the plaintiff, and Manuel Cabrero Román,

the defendant, contracted an industrial and agricultural part-
nership and stipulated, among other things not necessary to
be mentioned, the following: (*a*) The name of the said firm
should be "Leopoldo González Badillo, Limited," domiciled
in said town; (*b*) its duration should be five years from Janu-
ary 1, 1914, subject to extension for another five years by
agreement of the partners; (*c*) its object should be plant-
ing and manufacturing tobacco and growing any other agri-
cultural products, for which purposes the necessary facto-
ries and branches may be established; (*d*) the capital should
be $1,000, which defendant Cabrero Román agreed to con-
tribute as special partner, to bear interest at 12 per cent
per annum payable at the end of each year; (*e*) Leopoldo
González Badillo should be the managing partner and as such
control the management of the firm, use the firm signature
and have charge of such manufactures and cultivation as
should be carried on, but should obtain the consent of the
other partner, Cabrero Román, for the purpose of engag-
ing employees and laborers.

On February 25, 1914, Leopoldo González filed a com-
plaint against Manuel Cabrero Román in the District Court
of Aguadilla, alleging that he and Cabrero Román had en-
tered into the said agreement and that, notwithstanding the
many demands made upon him, Cabrero had failed to carry
out his part of the contract to deliver the $1,000 which he
was to contribute as special partner in order that the busi-
ness of the firm might be started, and praying that Cabrero
be adjudged to deliver to the plaintiff the said sum of $1,000
to enable him to begin his duties as managing partner of the
firm, also that he be further ordered to comply with the other
terms and conditions of the agreement between them and to
pay the costs, including the fees of the plaintiff's attorney.

In his answer to the complaint defendant Manuel Cabrero
Román admitted that he had joined with Leopoldo González
in the execution of the instrument forming the industrial
and agricultural partnership and had bound himself to con-

tribute $1,000 as special partner, but denied that the said sum was to be paid at once in order to start the business agreed upon and alleged that it was to be contributed as the business requirements 'might demand and that it was also subject to the securing of suitable property for the purposes of the partnership, which had not yet been found.

The case was tried and the District Court of Aguadilla rendered judgment on April 30, 1914, to the effect that the defendant must comply with all the terms and conditions of the contract with the plaintiff for the formation of an industrial and agricultural partnership as set out in the public instrument executed before Notary Juan B. Soto in San Sebastián on Decemebr 8, 1913, and more particularly with the obligation contracted by the said defendant to contribute the sum of $1,000 to the said partnership as capital. The judgment concludes as follows:

"Therefore it is ordered and decreed that said defendant Manuel Cabrero Román contribute to the said industrial and agricultural partnership known as 'Leopoldo González y Badillo, Limited,' the said sum of $1,000, and for that purpose it is ordered that for the present the said defendant retain and hold the said sum at the exclusive disposal of the plaintiff, Leopoldo González, as the managing partner until the partnership may be definitely formed and its operation begun, whereupon, after paying the expenses of the formation of the partnership, the balance of said capital shall be placed in the safe of the firm. It is understood that the said managing partner cannot dispose of the capital in whole or in part except to invest the same for the benefit of the partnership and to carry out the purposes and principal object for which it was formed. It is further ordered that defendant Manuel Cabrero Román pay the costs and attorney's fees."

From the said judgment the defendant's attorney appealed to this court and the appellant assigns the following as grounds for its reversal:

*First.* Lack of cause of action on the part of the plaintiff, for the partnership as a legal entity and not the plaintiff as a private individual should sue the defendant for the

contribution of the $1,000 to the partnership, according to sections 1583 and 1584 of the Revised Civil Code and article 170 of the Code of Commerce.

*Second.* Violation of articles 221 and 225 of the Code of Commerce and section 1609 of the Revised Civil Code, because the lack of certain elements for the operation of the partnership, such as the site for the tobacco factory and the lands for planting tobacco, is equivalent to the termination of the object of the partnership, or at all events this would be a good ground for its dissolution; and, besides, in any case a partner has a right to withdraw voluntarily from the partnership under certain conditions.

*Third.* Error in weighing the evidence, for it showed that the plaintiff as the managing partner had looked for a suitable site and lands for the purposes of the partnership, but that they had not been rented through the fault of the plaintiff himself who has not proved that he exercised due diligence to find them, and this is an essential prerequisite to the obligation of the defendant to contribute the amount sued for.

Let us examine the foregoing grounds.

As to the first, the very statutes cited by the appellant show that both in civil and commercial partnerships each partner is required to contribute to the partnership, or to its capital, the amount agreed upon, and consequently defendant Manuel Cabrero Román must contribute to the firm of Leopoldo González Badillo, Limited, the sum of $1,000, which he agreed to contribute in the public instrument of December 8, 1913.

Although the plaintiff, Leopoldo González, has not appeared in the action expressly in the name of the said firm and as its managing partner, the allegation of the complaint that he is the managing partner of the industrial and agricultural partnership created by the said instrument, and the prayer of the complaint that the defendant be adjudged to deliver to the plaintiff the sum of $1,000 to enable him to

begin his duties as managing partner, leave no doubt that the suit to recover the said sum was filed by the plaintiff in the interest of the partnership and not in his own private interest. Defendant Manuel Cabrero Román understood this when he did not demur to the complaint on the ground that he had contracted an obligation with the partnership of which they were both members and not with plaintiff Leopoldo González. It is too late now for his objection that the plaintiff has no cause of action especially as the defendant has been adjudged to contribute the sum of $1,000 to the partnership and to hold the same at the disposal of the plaintiff, not as a private individual, but as the managing partner of Leopoldo González Badillo, Limited.

As to the second ground of appeal, the statutes on which the same is based are not applicable to the case, for none of the parties has asked for the dissolution of the firm of Leopoldo González Badillo, Limited, or attempted to withdraw therefrom.

The only question is whether the defendant is under obligation to contribute to the said partnership the sum of $1,000 which he agreed to do by a public instrument. Questions which have not been raised in the lower court, cannot be brought up for discussion on appeal.

As to the third ground of appeal, after considering the articles of partnership together with the other evidence introduced at the trial, we do not find that the contribution of the $1,000 by the defendant was subject to the fulfilment of the requirement or condition alleged by the appellant.

In his brief the respondent asks that the judgment appealed from be affirmed with a modification, if possible, to the effect that the contribution of the capital be made by the defendant all at one time, but as the respondent did not appeal from the said judgment he cannot benefit by the appeal taken by the defendant, therefore we have no jurisdiction to consider and decide whether such modification is proper.

"It is a well-established rule that courts of appeal will examine only the errors pointed out by the appellant (*Jackson* v. *F. R. W. Co.*, 14 Cal., 22); and that the errors alleged by the respondent to have been committed by the lower court will not be taken into consideration (*Poppe* v. *Athearn*, 42 Cal., 606)." *Puig et al.* v. *Succession of Polanco*, 16 P. R. R., 705.

Before concluding we must point out that the complaint and answer are fully transcribed in the statement of the case, and copies of these pleadings are also included in the judgment roll. Such repetition is unnecessary. In the statement of the case it is only necessary to refer to the complaint, answer and other pleadings forming part of the judgment roll, in conformity with section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, and before approving the statement the judge should strike out all superfluous matter and see that the act is strictly complied with.

Nor does the transcript of the record contain the summary of the case which the judge is required to make in accordance with section 227 of the said code as amended by Act No. 70 of March 9, 1911, which summary, although not necessarily forming a part of the judgment roll, is useful to this court as we have decided on other occasions.

For the foregoing reasons the judgment of the District Court of Aguadilla of April 30, 1914, should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.